UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs<br><br>vs.<br><br>SAI SURVEYING CORPORATION and BARBARA SZEPATOWSKI, Defendants<br><br>and<br><br>CITIZENS BANK, Trustee | C.A. No. 05-10425 RCL |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is an action brought to collect contributions due employee benefit funds under the terms of a collective bargaining agreement.  This action has been brought pursuant to §502(a)(3) and §515 of the Employment Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1132(a)(3) and §1145 (hereinafter "ERISA"), §301 of the Labor Management Relations Act, 29 U.S.C. §185, and 18 U.S.C. §1962(c).  The Court has exclusive jurisdiction of this action pursuant to §502(a), (3), and (f) of ERISA, 29 U.S.C. §1132(a), (d) and (f), without respect to the amount in controversy or the citizenship of the parties.

The Clerk, on or about May 26, 2005, issued a Notice of Default against SAI and Szepatowski. At this juncture, Plaintiffs are before the Court on a Motion for Entry of Default Judgment. Plaintiffs now seek a judgment holding the Defendants joint and severally liable for trebled damages equaling $189,653.80, representing $59,165.04 in contributions owed to the Funds for the period from July through December, 2004, together with interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

## FACTS

Defendant SAI is signatory to a collective bargaining agreement with International Union of Operating Engineers Local 4E, called the Field Engineers - Technical Engineers Agreement ("Agreement"), a copy of which is attached to the Complaint as Exhibit A. See Affidavit of James Bucci ("Bucci Aff."), par. 2. The Agreement binds SAI to the Funds' Trust Agreements and obligates SAI to make contributions to Plaintiff Funds for each payroll hour for each person covered by the Agreement, in accordance with the rates set forth on the Schedules of Wages. Bucci Aff., par. 3. Specifically, the Agreement, in part, obligates SAI, upon written authorization by its employees, to withhold an amount from the employee's gross wage, before taxes, for deposit in the Annuity & Savings 401(k) Fund. Bucci Aff., par. 4. Pursuant to the Agreement, SAI is also obligated to deduct and remit a negotiated percentage of the gross wage package, before taxes, for union dues. Bucci Aff., par. 5.

The Funds filed a lawsuit in this Court (C.A. No. 03-12383) in November 2003 against SAI under ERISA for failing to pay contributions. This Court entered a Default Judgment against SAI on August 19, 2004 in the amount of $48,617.94 for contributions owed for the months of June through November, 2002 and September through December, 2003. This judgment has not been satisfied to date. Since filing the lawsuit on which it received a Default

2

Judgment against SAI, the Funds have deduced through a review of employee pay stubs that SAI has amassed an additional delinquency of $59,165.04 in contributions owed for the period July through December, 2004. Bucci Aff., par. 6.

SAI's corporate headquarters are located in South Boston, Massachusetts. Bucci Aff., par. 7. However, upon information and belief, Szepatowski, who serves as SAI's president and treasurer, operates in the usual course of business out of an office in Jamestown, Rhode Island. Bucci Aff., par. 8. The collective bargaining agreement SAI signed with the Funds lists the Jamestown, Rhode Island address as its place of business. Id.

SAI requested field engineers from the International Union of Operating Engineers Local 4 to work on a number of projects within the Commonwealth during the period May through December, 2004. Bucci Aff., par. 9. Field engineers were then provided to SAI under the terms of the collective bargaining agreement. Id. SAI was obligated to make contributions to Plaintiff Funds for each hour worked by the covered employees. Id. The Funds never received the contributions owed from SAI for hours worked by its members. Bucci Aff., par. 10. Additionally, the Funds did not receive remittance reports for hours worked between July and December, 2004. Id.

## ARGUMENT

Judgment by default should enter where the plaintiff's claim is for a sum certain, the party against whom judgment is sought has been defaulted for failure to appear, and the party is not an infant or incompetent person. Rule 55(b)(1), Fed.R.Civ.P.

In the instant case, default judgment should enter as a matter of law. First, Plaintiffs' claim is for a sum certain. Plaintiffs have ascertained via employee pay stubs that SAI owes the Funds $59,165.04 in unpaid benefit fund contributions due under the Agreement for the period

from July through December, 2004.  Bucci Aff., par. 6.  This amount is to be trebled pursuant to 18 U.S.C. §1964(c), and SAI and Szepatowski should be held joint and severally liable for the payment of those treble damages.

Upon information and belief, SAI's Massachusetts-based projects during the months of May through December, 2004 were coordinated, in part, from the South Boston corporate office or from the various Massachusetts-based job sites themselves.  Bucci Aff., par. 11.  As such, Rhode Island-based Szepatowski – the company's president and treasurer – and Massachusetts-based agents of SAI would have used the telephone, electronic mail, and other such interstate wire communications to ascertain the hours worked by operators on the Massachusetts jobs, to arrive at the intent to not pay contributions owed for such hours, and thereby, to defraud the Funds of thousands of dollars of assets.  This alleged scheme injured the Funds' members by denying them their hard-earned and contractually obligated benefits.  By engaging in this alleged conduct, Szepatowski and SAI caused sounds and/or signals to be transmitted by means of wire in interstate commerce for the purpose of executing a scheme to defraud the Funds.  This alleged conduct is an act of wire fraud that is indictable under 18 U.S.C. §1343.

Further, by failing to provide contractually-mandated fringe benefit contributions for the period July through December, 2004, Szepatowski and SAI have stolen, or unlawfully and willfully abstracted or converted to their own use, money, funds, credits, and property of an employee welfare benefit plan, the Funds.  This offense is indictable under 18 U.S.C. §664.  Unpaid employer contributions, such as those here, are plan assets.  According to United States v. LaBarbara, "Once wages were paid to [union] members, [the employer] had contractual obligations to the Funds that constituted 'assets' of the Funds by any common definition.  Certainly, an audit of the Funds would have to include such fixed obligations as assets." 129

4

F.3d 81, 88 (2nd Cir. 1997); see also Health Cost Controls v. Bichanich, 968 F.Supp. 396 (N.D.Ill. 1997) (court held that money owed to plan constituted plan asset). Further, the Second Circuit's definition of assets as including delinquent employer contributions under a criminal statute warrants the same interpretation of assets under a statute that confers only civil liability. See Board of Trustees of the Air Conditioning and Refrigeration Industry Health and Welfare Trust Fund, et al. v. J.R.D. Mechanical Services, Inc., 99 F.Supp.2d 1115, 1121 (C.D. Cal. 1999). Thus, SAI's unpaid employer contributions are assets under ERISA.

By utilizing interstate wires to convert the Funds' assets to their own use in violation of 18 U.S.C. §664, Szepatowski and SAI have directly and indirectly conducted SAI's affairs through a pattern of racketeering activity within the meaning of 18 U.S.C. §1962(c). As a direct result of the violation of 18 U.S.C. §1962(c) by Szepatowski and SAI, the Funds have been injured through December, 2004 in the amount of $59,165.04.

Further, by converting the Funds' assets to their own use in violation of 18 U.S.C. §664, SAI and Szepatowski necessarily violated Section 1145 of ERISA, which states as follows:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. §1145. Thus, both SAI and Szepatowski are subject to the provisions of Section 1132(g) of ERISA, which states that in any action by a fiduciary on behalf of a plan, such as the Funds, to enforce Section 1145 of ERISA, the Court shall award the plan interest, liquidated damages, and attorneys' fees and costs. 29 U.S.C. §1132(g).

Prejudgment interest on the unpaid contributions is mandated by ERISA, 29 U.S.C. §1132(g)(2)(B). As such, the Funds have ascertained that, pursuant to the terms of the

5

Agreement, SAI and Szepatowski would owe $5,168.84 in interest on the unpaid contributions due if these contributions were paid by June 30, 2005. Bucci Aff., par. 12. Liquidated damages are also mandated by ERISA, either as set forth in the plan, in an amount not in excess of 20 percent of the unpaid contributions (or such higher percentage as may be permitted under Federal or state law), or in an amount equal to interest on the unpaid contributions, whichever is greater. 29 U.S.C. §1132 (g)(2)(C)(i) and (ii). In the instant case, because the Agreement does not provide for liquidated damages, SAI and Szepatowski owe as liquidated damages an additional amount equal to the interest on the unpaid contributions. This would mean that SAI and Szepatowski owe an additional $5,168.84 as liquidated damages. Attorneys' fees and costs are also mandated by ERISA. 29 U.S.C. §1132(g) (2)(D). Attorneys' fees and costs of this action are $1,821.00. See Affidavit of Anne R. Sills. These figures demonstrate that Plaintiffs' claim is for a sum certain.

Finally, Defendants are neither infants nor incompetent persons. Defendants are also not in the military service. See Affidavit of Gina Alongi.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully submit that this Motion for Default Judgment be granted, and that judgment enter against Defendants SAI and Szepatowski in the amount of $189,653.80, representing unpaid contributions for the period from July through December, 2004, trebled pursuant to 18 U.S.C. §1964(c), plus interest on the unpaid contributions, liquidated damages, and reasonable attorneys' fees and costs.

    Respectfully submitted,

    LOUIS G. RASETTA and JOHN J.
    SHAUGHNESSY, as they are TRUSTEES,
    INTERNATIONAL UNION OF
    OPERATING ENGINEERS LOCAL 4

HEALTH AND WELFARE FUND, et al.,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street, Suite #500
Boston, MA  02108
(617) 742-0208

Dated:  June 24, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Entry of Default Judgment has been served by certified and first class mail upon the defendants, SAI Surveying Corporation and Barbara Szepatowski at 23 Narragansett Avenue, Jamestown, RI  02835 this 24th day of June, 2005.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 03-286/memsupdf2-sai.doc