UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4, Plaintiffs  vs.  SAI SURVEYING CORPORATION and BARBARA SZEPATOWSKI, Defendants  and  CITIZENS BANK, Trustee | C.A. No. 05-10425 RCL |

**MEMORANDUM IN SUPPORT OF PLAINTIFF FUNDS' MOTION
TO COMPEL ANSWERS TO POST-JUDGMENT DISCOVERY REQUESTS**

**INTRODUCTION**

This is an action for unpaid employee benefit fund and other fund contributions brought by the Plaintiffs, Louis G. Rasetta and John J. Shaughnessy, as they are Trustees, et al ("the Funds").  This Court has entered judgment against the Defendants and the Plaintiffs are currently seeking responses to their Post-Judgment Discovery Requests.

The Funds now move this honorable Court for an Order, pursuant to Rule 37 of the Federal Rules of Civil Procedure ("Federal Rules"), compelling Defendants SAI Surveying

Corporation ("SAI") and SAI's president and owner, Barbara Szepatowski ("Szepatowski"), to answer Plaintiffs' Post-Judgment Discovery Requests, ordering them to pay the expenses, including attorneys' fees, incurred by the Funds in filing this Motion, and informing them that appropriate sanctions will be entered against them under Rule 37(b)(2) absent full compliance with the Court's Order within fourteen (14) days.

**THE FACTS**

On November 21, 2005, the Plaintiff Funds served the following documents upon SAI and Szepatowski pursuant to Rules 33 and 69 of the Federal Rules: (1) Plaintiffs' Post-Judgment Request for Production of Documents to Defendant SAI Surveying Corporation; (2) Plaintiffs' Post-Judgment Interrogatories to Defendant Barbara Szepatowski; and (3) Plaintiffs' Post-Judgment Request for Production of Documents to Defendant Barbara Szepatowski. See Affidavit of Gregory A. Geiman ("Geiman Aff."), par. 2, and Exhibits A, B, and C thereto. In accordance with Szepatowski's request, these documents were sent via electronic mail ("e-mail") to "saisurvey@aol.com" in addition to being sent via certified mail and first class mail. Geiman Aff., par. 3, Exhibit D. Further, the cover letter to this pro se defendant, which accompanied the Post-Judgment Discovery Requests, specifically pointed out that the responses were due within 30 days under the Federal Rules of Civil Procedure.[1]  Geiman Aff., par. 4, Exhibit E.

On January 9, 2006, nearly three weeks after the responses were due, Funds' counsel sent a letter to Szepatowski via certified, first class, and e-mail, which, in part, reminded her that responses to the Funds' Post-Judgment Discovery Requests had come due on December 21, 2005. Geiman Aff., par. 5, Exhibit F. Ms. Szepatowski got into contact with Funds' counsel on

---

[1] It also bears noting that this is the second instance in which the Funds have been forced to file a Motion to Compel against Defendant SAI; an earlier litigation in front of this Court against SAI similarly resulted in a Motion to Compel Responses to Post-Judgment Interrogatories and, eventually, a finding of contempt against Szepatowski. As such, Szepatowski cannot reasonably claim to be a stranger to the basic requirements of the discovery process.

2

January 11, 2006, at which time she stated that she had failed to receive the Funds' Post-Judgment Discovery Requests by either e-mail, first class mail, or certified mail, and requested that Funds' counsel re-send these documents via e-mail to her account at saisurvey@aol.com. Geiman Aff., par. 6.  Funds' counsel re-sent the Post-Judgment Discovery Requests via e-mail that same day.  Geiman Aff., par. 7, Exhibit G.  On January 17, 2006, Szepatowski sent an e-mail to Funds' counsel which acknowledged receipt of counsel's January 11, 2006 e-mail in which he re-sent the Post-Judgment Discovery Requests, and which stated, "I plan on having the majority of the information requested in [the January 11, 2006 e-mail] ready for you by next Friday, January 27, 2006."  Geiman Aff., par. 8, Exhibit H.  On February 2, 2006, with no responses having been sent, Szepatowski left a voicemail for Funds' counsel and stated that her responses would be prepared and delivered by the week ending February 10, 2006.  Geiman Aff., par. 9. Despite these assurances, no responses were forthcoming.  Id.

As such, on February 23, 2006, Funds' counsel sent another letter to Szepatowski via certified, first class, and e-mail, which, in part, again reminded her that responses to the Funds' Post-Judgment Discovery Requests had come due on December 21, 2005.  Geiman Aff., par. 10, Exhibit I.  Szepatowski responded to this letter on February 28, 2006 in an e-mail sent to Funds' counsel's secretary.  Geiman Aff., par. 11, Exhibit J.  In this e-mail, Szepatowski apologized for her failure to respond and stated, "As a result of being out, I will need one additional week to finish the responses and complete my collections.  I will have all of my responses and the remaining amount into your office no later than March 10, 2006."  Id.  Not surprisingly, this promise too went unfulfilled.  Funds' counsel received neither the Defendants' responses, nor any further payments toward their fringe benefit contribution delinquency after Szepatowski's February 28, 2006 e-mail.  Geiman Aff., par. 12.  As such, on April 24, 2006, Funds' counsel

3

sent a letter to Szepatowski via certified, first class, and e-mail, in which he informed the Defendants that he had not yet received responses to the Funds' Post-Judgment Discovery Responses and that, as such, he would file the instant Motion to Compel if said responses were not received by Friday, May 5, 2006.  Geiman Aff., par. 13, Exhibit K.  The responses have not been received to date.  Id.

The Funds have incurred $1,149.80 to date in attorneys' fees and costs related to filing this Motion to Compel.  Geiman Aff., par. 14.

**ARGUMENT:  THE FUNDS ARE ENTITLED TO AN ORDER COMPELLING SAI AND SZEPATOWSKI TO RESPOND TO THE DISCOVERY REQUESTS, PAY THE FUNDS' EXPENSES, AND OTHER RELIEF.**

Rule 37(a) of the Federal Rules authorizes a party to move the Court to compel a non-responsive party to answer or respond to discovery requests, and to pay the reasonable expenses, including attorneys' fees, incurred in filing a motion to compel.  Rule 37(d) authorizes the Court to order sanctions, as outlined in Rule 37(b)(2)(A)-(C), when a party fails or refuses to comply with an order compelling answers to interrogatories.

In this case, there is no doubt that the Defendants have failed to respond at all to the Funds' discovery requests.  The Funds have been very patient and made numerous good faith efforts to obtain the necessary responses without the Court's intervention, especially in light of the fact that this Court was asked to intercede in the parties' discovery dispute in a previous ERISA suit.  However, the Funds' patience and good faith has been met with numerous broken promises and still, nearly one-half year later, no responses to their Post-Judgment Discovery Requests.  These responses are imperative in that the Funds must determine whether the Defendants have sufficient assets to satisfy the judgment against them, and thereby, to ensure that the Funds receive the contributions to which they are contractually entitled and that they

may remain fully funded in their efforts to provide health and welfare and pension benefits for their participants and beneficiaries.  Given the Defendants' failure and refusal to respond to the discovery requests in these circumstances, under Rule 37, the Funds are entitled to an Order compelling SAI and Szepatowski to respond to the Funds' Post-Judgment Discovery Requests, and mandating other appropriate relief as requested below and permitted under Rule 37.

**CONCLUSION**

For all of the foregoing reasons, Plaintiff Funds respectfully request that the Court grant their Motion and enter an Order:  (1) compelling SAI and Szepatowski to answer the Funds' Post-Judgment Discovery Requests within at least fourteen (14) days of the date of the Order; (2) compelling SAI and Szepatowski to pay the expenses, including attorneys' fees, incurred by the Funds in filing this Motion; and (3) informing SAI and Szepatowski that the Court will order sanctions as authorized under Rule 37(b)(2)(D) if it fails to comply fully with the Court Order within fourteen (14) days.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire
BBO #655207
Segal, Roitman & Coleman
11 Beacon Street
Suite #500
Boston, MA  02108

(617) 742-0208
ggeiman@segalroitman.com

Dated: May 19, 2006

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the above Memorandum in Support of Motion to Compel Answers to Post-Judgment Discovery Requests has been served by first class mail upon Defendants SAI Surveying Corp. and Barbara Szepatowski at 23 Narragansett Avenue, Jamestown, RI 02835 this 19th day of May, 2006.

/s/ Gregory A. Geiman
Gregory A. Geiman, Esquire

GAG/gag&ts
ARS 3118 05-437/memo-suppmotion-compel-pj-disreq.doc