UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE, PENSION AND ANNUITY FUNDS, and LOUIS G. RASETTA and CHRISTOPHER BARLETTA, as they are TRUSTEES, HOISTING AND PORTABLE ENGINEERS LOCAL 4 APPRENTICE AND TRAINING FUNDS and INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL 4,<br>            Plaintiffs<br><br>vs.<br><br>SAI SURVEYING CORPORATION and BARBARA SZEPATOWSKI,<br>            Defendants<br><br>and<br><br>CITIZENS BANK,<br>            Trustee | C.A. No. 05-10425 RCL |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION FOR FINDING OF CIVIL CONTEMPT**

I.    **INTRODUCTION**

This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and §301 of the Labor Management Relations Act, 29 U.S.C. §185 by trustees of employee benefit plans and by a labor union to enforce the obligations to make contributions and pay interest due to such plans under the terms of a collective bargaining agreement and the plans. Defendant SAI

Surveying Corporation (hereinafter "SAI") is a Massachusetts corporation with a principal place of business listed at 663 East Broadway, South Boston, Massachusetts, and was bound during the relevant time period to the terms of a collective bargaining agreement and the Plaintiffs' governing documents.

Plaintiffs Louis G. Rasetta and John J. Shaughnessy, Trustees of the International Union of Operating Engineers Local 4 Trust Funds (hereinafter "Funds") now move this honorable Court for an order of civil contempt against the Defendants, as authorized by Fed.R.Civ.P. 37(b)(2)(D), for the Defendants' failure to comply with this Court's Electronic Order of June 8, 2006 granting Plaintiffs' Motion to Compel Defendants' Answers to Plaintiffs' Post-Judgment Discovery Requests ("Order") within the prescribed fourteen (14) days. Specifically, the Funds seek (1) a finding of contempt against SAI and Szepatowski for their continuing violation of the Court's Order; (2) imposition of a compensatory fine in the amount of $1,088.79 against SAI and Szepatowski, joint and severally, to make whole the Funds for damages caused by the Defendants' conduct; (3) imposition of a conditional fine against SAI and Szepatowski, joint and severally, of $500.00 per each day that they refuse to comply with the Court's Order; and/or (4) issuance of a capias to place Szepatowski in custody if she fails to appear at a hearing on this Motion and/or continues to fail and refuse to comply with the Order thereafter.

This Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §§1132(a), (e) and (f), without respect to the amount in controversy or the citizenship of the parties.

**II.    STATEMENT OF FACTS**

On November 21, 2005, the Plaintiff Funds served the following documents upon SAI and Szepatowski pursuant to Rules 33 and 69 of the Federal Rules: (1) Plaintiffs' Post-Judgment

2

Request for Production of Documents to Defendant SAI Surveying Corporation; (2) Plaintiffs' Post-Judgment Interrogatories to Defendant Barbara Szepatowski; and (3) Plaintiffs' Post-Judgment Request for Production of Documents to Defendant Barbara Szepatowski.  See Docket No. 17, Affidavit of Gregory A. Geiman in Support of Plaintiffs' Motion to Compel Answers to Post-Judgment Discovery Requests ("Geiman Aff."), par. 2, and Exhibits A, B, and C thereto.  In accordance with Szepatowski's request, these documents were sent via electronic mail ("e-mail") to "saisurvey@aol.com" in addition to being sent via certified mail and first class mail.  Geiman Aff., par. 3, Exhibit D.  Further, the cover letter to this pro se defendant, which accompanied the Post-Judgment Discovery Requests, specifically pointed out that the responses were due within 30 days under the Federal Rules of Civil Procedure.  Geiman Aff., par. 4, Exhibit E.

     This is the second instance in which the Funds have been forced to file a Motion for Finding of Civil Contempt against Defendant SAI; an earlier litigation in front of this Court against SAI (C.A. No. 03-12383 RCL) resulted in the filing of a Motion to Compel Answers to Post-Judgment Interrogatories and, eventually, a finding of contempt against Szepatowski for which Szepatowski appeared in this Court.  Szepatowski cannot reasonably claim to be a stranger to the basic requirements of the discovery process.  The first finding of contempt against Szepatowski resulted in the production by SAI of a partial set of Answers to the Funds' Interrogatories[1] and the remittance of $26,000.00 toward the first judgment.  The Defendants have thus far failed to pay any amounts toward the second judgment.

     This Motion for Finding of Civil Contempt is necessary because the second litigation resulted in a judgment against Szepatowski individually; the Funds seek to discover if

---

[1] SAI's Answers to the Funds' Interrogatories, which were provided to Funds' counsel via e-mail on November 29, 2005, contained a number of requests for clarification of the Interrogatories.  Funds' counsel sent the requested clarifications to Ms. Szepatowski, via e-mail, on the next day, but has not received the completed Answers to date.

Szepatowski owns any assets, such as real estate, which may be used to satisfy the $189,653.80 judgment for which she is joint and severally liable. Further, the first litigation was brought solely against SAI; the Funds propounded only Interrogatories upon the corporation, not Requests for Production of Documents. In this second litigation, the Funds have propounded discovery to Szepatowski individually as well as document requests to the corporation. The document requests to SAI are necessary to follow up on some of the corporation's Answers to the Funds' Interrogatories in the first litigation – especially as pertains to SAI's receivables and financial statements.

On January 9, 2006, nearly three weeks after SAI and Szepatowski's responses were due to the Funds' Post-Judgment Discovery Requests in the instant matter, Funds' counsel sent a letter to Szepatowski via certified, first class, and e-mail, which, in part, reminded her that responses had come due on December 21, 2005. Geiman Aff., par. 5, Exhibit F. Ms. Szepatowski contacted the Funds' counsel on January 11, 2006, at which time she stated that she had failed to receive the Funds' Post-Judgment Discovery Requests by either e-mail, first class mail, or certified mail, and requested that Funds' counsel re-send these documents via e-mail to her account at saisurvey@aol.com. Geiman Aff., par. 6. Funds' counsel re-sent the Post-Judgment Discovery Requests via e-mail that same day. Geiman Aff., par. 7, Exhibit G. On January 17, 2006, Szepatowski sent an e-mail to Funds' counsel which acknowledged receipt of counsel's January 11, 2006 e-mail in which he re-sent the Post-Judgment Discovery Requests, and which stated, "I plan on having the majority of the information requested in [the January 11, 2006 e-mail] ready for you by next Friday, January 27, 2006." Geiman Aff., par. 8, Exhibit H. On February 2, 2006, with no responses having been sent, Szepatowski left a voicemail for

4

Funds' counsel and stated that her responses would be prepared and delivered by the week ending February 10, 2006. Geiman Aff., par. 9. Despite these assurances, no responses were forthcoming. Id.

As such, on February 23, 2006, Funds' counsel sent another letter to Szepatowski via certified, first class, and e-mail, which, in part, again reminded her that responses to the Funds' Post-Judgment Discovery Requests had come due on December 21, 2005. Geiman Aff., par. 10, Exhibit I. Szepatowski responded to this letter on February 28, 2006 in an e-mail sent to Funds' counsel's secretary. Geiman Aff., par. 11, Exhibit J. In this e-mail, Szepatowski apologized for her failure to respond and stated, "As a result of being out, I will need one additional week to finish the responses and complete my collections. I will have all of my responses and the remaining amount into your office no later than March 10, 2006." Id. This promise too went unfulfilled. Funds' counsel received neither the Defendants' responses, nor any further payments toward their fringe benefit contribution delinquency after Szepatowski's February 28, 2006 e-mail. Geiman Aff., par. 12. As such, on April 24, 2006, Funds' counsel sent a letter to Szepatowski via certified, first class, and e-mail, in which he informed the Defendants that he had not yet received responses to the Funds' Post-Judgment Discovery Responses and that, as such, he would file the Motion to Compel if said responses were not received by Friday, May 5, 2006. Geiman Aff., par. 13, Exhibit K. The responses had not been received by mid-May, 2006. Id. Thereafter, on May 19, 2006, the Funds' Motion to Compel was filed. See Docket No. 15.

In response to the Funds' Motion to Compel, this honorable Court issued an Electronic Order of June 8, 2006 granting Plaintiffs' Motion to Compel Defendants' Answers to Plaintiffs' Post-Judgment Discovery Requests. A true and accurate copy of the Electronic Order is attached hereto as Exhibit 1. This Court granted Plaintiffs' Motion to Compel, in which Plaintiffs sought

an order: (1) compelling SAI and Szepatowski to answer the Funds' Post-Judgment Discovery Requests within at least fourteen (14) days of the date of the Order; (2) compelling SAI and Szepatowski to pay the expenses, including attorneys' fees, incurred by the Funds in filing this Motion; and (3) informing SAI and Szepatowski that the Court will order sanctions as authorized under Rule 37(b)(2)(D) if it fails to comply fully with the Court Order within fourteen (14) days.

Attorney Geiman sent a copy of the Order to Szepatowski via certified, first class, and electronic mail on June 14, 2006. The Order was sent via the same e-mail address from which Szepatowski had communicated over the preceding months, and was not returned to the sender. To date, the Defendants have failed to comply with the Court's Order. See Geiman Contempt Aff., par. 2 and Exhibit 1.

### III.  ARGUMENT

#### A.  THE COURT SHOULD FIND SAI AND SZEPATOWSKI IN CONTEMPT OF COURT FOR VIOLATING THE COURT'S JUNE 8, 2006 ORDER.

Under Fed.R.Civ.P. 37(b)(2), "[i]f a party . . . fails to obey an order to provide or permit discovery . . . the court in which the action is pending may make such orders in regard to the failure as are just . . ." With regard to such sanctions, "the district court has 'a broad discretion to make whatever disposition is just in the light of the facts of the particular case.'" Navarro de Cosme v. Hospital Pavia, 922 F.2d 926, 932 (1st Cir. 1991) (citation omitted). "The district court may, within reason, use as many and as varied sanctions as are necessary to hold the scales of justice even." Wright, Miller & Marcus, Federal Practice & Procedure: Civil 2d §2284, at 612-613. The sanctions enumerated in Rule 37 include:

> (D)   In lieu of any of the foregoing orders or in addition thereto, an order treating as a contempt of court the failure to obey any orders except an order to submit to a physical or mental examination[.]

6

Fed.R.Civ.P. 37(b)(2)(D).  The purpose of civil contempt is to "coerce present or future compliance with an order of the court."  <u>In Re Kave</u>, 760 F. 2d 343, 351 (1st Cir. 1985).  In order to hold a party in contempt, the complainant must show by clear and convincing evidence that the party violated a court order that is clear and unambiguous.  <u>Project B.A.S.I.C. v. Kemp</u>, 947 F.2d 11, 17 (1st Cir. 1991); <u>Langton v. Johnson</u>, 928 F.2d 1206, 1220 (1st Cir. 1991); <u>NBA Properties v. Gold</u>, 895 F.2d 30, 32 (1st Cir. 1990).

### 1. The Court's June 8, 2006 Order is Clear and Unambiguous.

The Court's Electronic Order of June 8, 2006 granting Plaintiffs' Motion to Compel Defendants' Answers to Plaintiffs' Post-Judgment Discovery Requests is clear and unambiguous in that it grants Plaintiffs' Motion to Compel and, by extension, the remedies requested.  <u>See</u> <u>Project B.A.S.I.C.</u>, <u>supra</u> at 17 (quoting <u>Reed v. Cleveland Bd. of Educ.</u>, 607 F.2d 749, 752 (6th Cir. 1979)) ("'The notice of a judicial order upon violation of which a contempt finding may properly be based is such notice as would clearly tell a reasonable person what he is required to do or abstain from doing.'").  A reasonable person with access to both the Order and the Funds' Motion to Compel, such as Szepatowski, would clearly understand the act the Order requires of the Defendants – providing the Funds with responses to their Post-Judgment Discovery within fourteen days.  Further, the Motion to Compel expressly seeks, and the Order grants, that should the Defendants fail to comply with the Order within the allotted time, the Court will order sanctions as authorized by Rule 37(b)(2)(D).  There was no question about the meaning of the Court's Order at the time of its issuance, and neither the Funds nor the Defendants have ever asked the Court to clarify or reconsider the Order.

> **2.     There is Clear and Convincing Evidence that SAI and Szepatowski Violated the Court's February 8, 2006 Order.**

To date, the Defendants have failed to provide the Funds with responses to their Post-Judgment Discovery, despite the Order's clear mandate to do so. Geiman Contempt Aff., par. 2. The Defendants' failure and refusal to provide answers to the Funds' Post-Judgment Discovery constitutes a clear, direct violation of the Court's Order.

> **3.     Because SAI and Szepatowski are in Contempt of the Court's Order, the Court should Impose a Conditional Fine and/or Issue a Capias to Place Szepatowski in Custody.**

District courts have broad power to design remedies in civil contempt proceedings. McComb v. Jacksonville Paper Co., 336 U.S. 187, 193-194 (1949); Service Employees International Union, Local 36 et al. v. Pullman et al., C.A. No. 85-1476 (3d Cir. March 7, 1986). The court may impose a "compensatory fine to make whole the aggrieved party for damages caused by the contemnor's conduct . . . [A]ny amount assessed by the court must be based upon evidence of the complainant's actual losses, and his right to recover, as in any civil litigation, is dependent upon the outcome of the underlying controversy." In re Kave, 760 F.2d at 351 (quoting United States v. United Mine Workers, 330 U.S. 258, 304, 67 S. Ct. 677, 701 (1947)).

The Funds have incurred attorneys' fees to seek a remedy for the Defendants' contempt and to seek the Defendants' compliance with their obligations under Fed.R.Civ.P. 37. As a result, the Court should impose upon the Defendants, joint and severally, a compensatory fine of $1,088.79. Geiman Contempt Aff., par. 3.

The Funds further request that the Court, in its discretion, impose a conditional fine on the Defendants, joint and severally, to induce them to answer the Funds' Post-Judgment Discovery. "Coercive sanctions . . . look to the future and are designed to aid the plaintiff by

8

bringing a defiant party into compliance with the court order . . ." LaTrobe Steel Co., 545 F.2d at 1344. The Funds suggest that the amount of the fine be $500.00 per each day that the Defendants fail to comply with the Court Order, beginning on the date after the date of the Court's action on the instant Motion.

Finally, if the Court schedules a hearing on this Motion, and Szepatowski fails to attend the hearing and/or continues to fail and refuse to comply with the Court's Order immediately following the hearing, the Funds request that the Court issue a capias to place Szepatowski in custody until she complies with the Order. The First Circuit has recognized the availability of the sanctions of imprisonment as well as monetary fines in civil contempt proceedings to "*induce* the purging of contemptuous conduct." In Re Kave, 760 F.2d 343, 351 (1985). Accord Service Employees International Union, Local 36, supra, slip op. at 5-6 (quoting Latrobe Steel Co. v. United Steelworkers, 545 F.2d 1336, 1344 (3d Cir. 1976) ("Trial judges . . . may impose an indeterminate period of confinement which may be brought to end only by the contemnor's ultimate adherence to the court's order . . . [;] may levy a fine of a specified amount for past refusal to conform to the injunction, conditioned, however, on the defendant's continued failure to obey . . . [; and] may also specify that a disobedient party will be fined a certain amount for each day of noncompliance.")

Further, federal courts have recognized the availability of these remedies in ERISA actions in which defendants have failed and refused to pay contributions to health and welfare and pension plans and/or refused such plans' requests for audits of payroll records. See, e.g., Service Employees International Union, Local 36, supra (finding district court did not abuse its discretion in requesting incarceration of defendant's principal officer pending payment of all

unpaid contributions due pension and health and welfare funds as sanction in civil contempt proceedings); Building Trades United Pension Trust Fund et al. v. Eatons Asphalt Service, No. 83 C 1871 (E.D. Wisc. August 28, 1986) (imposing ten day jail term on defendant's principal officer, pending hearing to determine whether defendant purged his contemptuous conduct before hearing, for failure to pay unpaid health and welfare and pension fund contributions and permit audit of payroll records and books).

Szepatowski, president of the Defendant corporation, should be held personally liable for her own and for SAI's contemptuous conduct, and as such, a capias should be issued in her name if Szepatowski fails to appear at a hearing on this Motion and continues to fail and refuse to comply with the Order immediately thereafter.  See Wilson v. United States, 221 U.S. 361, 376 (1911), N.L.R.B. v. Maine Caterers, Inc., 732 F.2d 689, 691 (1st Cir. 1984); Electrical Workers Pension Trust Fund of Local Union #58, IBEW v, Gary's Electric Service Co., 340 F.3d 373, 380-82 (6th Cir. 2003).

**IV.   CONCLUSION**

For all of the foregoing reasons, Plaintiff Funds respectfully request that the Court grant their Motion for Finding of Civil Contempt.

Respectfully submitted,

LOUIS G. RASETTA and JOHN J. SHAUGHNESSY, as they are TRUSTEES, INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 4 HEALTH AND WELFARE FUND, et al,

By their attorneys,

/s/ Gregory A. Geiman
Anne R. Sills, Esquire
BBO #546576
Gregory A. Geiman, Esquire

BBO #655207  
Segal, Roitman & Coleman  
11 Beacon Street  
Suite #500  
Boston, MA  02108  
(617) 742-0208  
ggeiman@segalroitman.com

Dated:  August 29, 2006

## CERTIFICATE OF SERVICE

 This is to certify that a copy of the above Plaintiffs' Memorandum in Support of Motion for Finding of Civil Contempt has been served by certified, first class, and electronic mail upon SAI Surveying Corporation at 23 Narragansett Avenue, Jamestown, RI  02835 and Barbara Szepatowski at 7 Green Lane, Jamestown, RI  02835 this 29th day of August, 2006.

/s/ Gregory A. Geiman  
Gregory A. Geiman, Esquire

GAG/gag&ts  
ARS 3118 05-437/memo-suppmotion-contempt.doc

**Teresa Sullivan**

**From:** ECFnotice@mad.uscourts.gov
**Sent:** Thursday, June 08, 2006 9:19 AM
**To:** CourtCopy@mad.uscourts.gov
**Subject:** Activity in Case 1:05-cv-10425-RCL Rasetta et al v. SAI Surveying Corporation et al "Order on Motion to Compel"

***NOTE TO PUBLIC ACCESS USERS*** You may view the filed documents once without charge. To avoid later charges, download a copy of each document during this first viewing.**

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Hourihan, Lisa entered on 6/8/2006 at 9:19 AM EDT and filed on 6/8/2006
**Case Name:** Rasetta et al v. SAI Surveying Corporation et al
**Case Number:** 1:05-cv-10425
**Filer:**
**WARNING: CASE CLOSED on 07/22/2005**
**Document Number:**

**Docket Text:**
Judge Reginald C. Lindsay : Electronic ORDER entered granting [15] Motion to Compel Defendants' Answers to Plaintiffs' Post-Judgment Discovery Requests (Hourihan, Lisa)

The following document(s) are associated with this transaction:

**1:05-cv-10425 Notice will be electronically mailed to:**

Gregory A Geiman    ggeiman@segalroitman.com, tsullivan@segalroitman.com

Anne R. Sills    asills@segalroitman.com, tsullivan@segalroitman.com

**1:05-cv-10425 Notice will not be electronically mailed to:**

6/8/2006